SACKS v. BROOKS et al.

(Circuit Court, D. Massachusetts. June 19. 1896.)

No. 460.

Patents—Validity and Infringement—Boot or Shoe Last.

The Sacks & Richmond patent, No. 443,199, for a combination, in a reversible boot or shoe last, of a last adapted to be mounted on a standard having vertical and inclined edges and a standard adapted to be used with such a last, construed. and *held* infringed by a device made in substantial accordance with the Kupperle patent, No. 519,067.

This was a suit in equity by Louis Sacks against George Brooks and others for alleged infringement of a patent for a boot and shoe last.

William P. Preble, Jr., for complainant.
Benjamin F. Rex, for defendants.

CARPENTER, District Judge. This is a bill in equity to enjoin an alleged infringement of letters patent No. 443,199, issued December 23, 1890, to Louis Sacks and Henry Richmond, for boot or shoe last. The claim alleged to be infringed is as follows:

"The combination, in a reversible boot or shoe last, of the standard, B, terminating in a flat tenon, B', having one of its edges vertical and the other inclined, and a last, A, having a narrow, elongated socket or mortise, with one of its edge walls vertical and the other inclined, corresponding in shape with the inclination and vertical edges of the tenon on the standard, and adapted to engage the same, as herein described and set forth."

The respondents have used a device substantially such as is shown in the drawings of the letters patent No. 519,067, issued May 1, 1894, to John C. Kupperle, for a last. I do not find any evidence of the existence, prior to the invention of the patented device, of a last adapted to be mounted on a standard having vertical and inclined edges and of a standard adapted to be used with such a last. The respondents, however, point out that, by amendments made in the patent office in consequence of the opinions of the examiner, the claim was confined in terms to a flat tenon and a narrow elongated socket, and they argue that the complainant is thus confined to a structure specific in these respects. If the patent is to be

construed to cover only this specific form, then, doubtless, the respondents do not infringe. But I take it now to be the rule that limitations in the terms of the claim do not import any limitation in the construction of the claim, in cases where such limitation is not imposed by the state of the art. Construing this patent to be as broad as the state of the art will permit, it is plain that the tapered inclined rib of respondents is quite the same, in both structure and function, as the tenon with converging edges shown and claimed by the patent.

There will be a decree for an injunction and for an account.